IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY MATTIA and JOANNE MATTIA, | : : : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : : | |
| PHILADELPHIA LIBERTY PLACE, L.P., | : : | NO. 13-0695 |
| Defendant. | : | |

**MEMORANDUM**

BUCKWALTER, S. J.                                                                                             March 26, 2013

Currently pending before the Court is the Motion of Plaintiffs Gregory Mattia and Joanne Mattia. for Remand. For the following reasons, the Motion is granted.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Following an injury sustained by Gregory Mattia on June 16, 2011, Plaintiffs Gregory and Joanne Mattia initiated this lawsuit against Defendant Philadelphia Liberty Place, L.P. by filing a Praecipe for Writ of Summons, in accordance with Rule 1007 of the Pennsylvania Rules of Civil Procedure. (Notice of Removal, Ex. D, Pls.' Mot. for Leave to Conduct Pre-Complaint Discovery, ¶ 1.) No Complaint has been filed in connection with the case. (Pls.'s Mot. Remand ¶ 2; Def.'s Resp. Opp'n Remand ¶ 2.) On February 7, 2013, Defendants removed the case to this court on the basis of diversity jurisdiction. Plaintiffs filed the instant Motion to Remand on February 18, 2013. Defendants filed a Response in Opposition on March 4, 2013, and Plaintiffs followed with a Reply Brief on March 14, 2013.

## II. DISCUSSION

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in a state court if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). A defendant seeking removal of an action must file a petition for removal with the district court within thirty days of plaintiff's service of the complaint upon defendant. See 28 U.S.C. § 1446(b). "The defendants bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements." Winnick v. Pratt, No. Civ.A.03-1612, 2003 WL 21204467, at *2 (E.D. Pa. May 20, 2003) (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)).

Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. Cook v. Soft Sheen Carson, Inc., No. Civ.A.08-1542, 2008 WL 4606305, at *1 (D.N.J. Oct. 15, 2008). Remand to the state court is appropriate for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal process." PAS v. Travelers Ins. Co., 7 F.3d 329, 352 (3d Cir. 1993). Remand is mandatory and can occur at any time during the litigation if the court determines that it lacks federal subject matter jurisdiction. Kimmel v. DeGasperi, No. Civ.A.00-143, 2000 WL 420639, at *1 (E.D. Pa. Apr. 7, 2000) (citing 28 U.S.C. § 1447(c)). A motion to remand the case on the basis of any defect in the removal procedure, however, must be submitted within thirty days after filing of the notice of removal under section 1446(a). 28 U.S.C. § 1447(c); N. Penn Water Auth. v. BAF Sys. Aerospace Elec., Inc., No. Civ.A.04-5030, 2005 WL 1279091, at *5 (E.D. Pa. May 25, 2005). When considering such a motion, "any doubts about the existence of federal jurisdiction must be resolved in favor of remand." Lumbermans Mut. Cas. Co. v. Fishman, No. Civ.A.99-929, 1999 WL 744016, at *1

(E.D. Pa. Sep. 22, 1999) (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir.1992)); see also Boyer, 913 F.2d at 111 (The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand.") (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

Plaintiffs argue that Defendant's removal was untimely under 28 U.S.C. § 1446(b). This section provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of the summons upon the defendant if such initial pleading has then been filed in court is not required to be served on the defendant, whichever is shorter.

Id. § 1446(b). They rely primarily on Sikirica v. Nationwide Ins. Co., 416 F.3d 214 (3d Cir. 2005), in which the Third Circuit Court of Appeals ruled that a summons may not serve as an "initial pleading" for purposes of 28 U.S.C. § 1446(b). Sikirica, 416 F.3d at 222. The initial pleading described in § 1446(b) is a complaint, not a summons, praecipe for writ of summons, or some other document such as a Civil Cover Sheet. Sikirica, 416 F.3d at 222; see also Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 354 (1999); Polanco v. Coneqtec Universal, 474 F. Supp. 2d 735, 737 (E.D. Pa.2007). Plaintiffs contend that removal is improper pursuant to Sikirica because 1446(b) cannot be triggered by a filing of a praecipe for writ of summons. Defendants contend, on the other hand, that § 1446(b) and Sikirica are inapplicable, as they pertain only to when the thirty day deadline for removal is triggered.

This identical issue was addressed in Campbell v. Oxford Elecs., Inc., No. Civ.A.07-0541, 2007 WL 2011484 (E.D. Pa. July 05, 2007).  There, in extending Sikirica to a case where a complaint had not yet been filed, the court noted:

> Where, as here, the defendant is served with a summons but has not been served with a complaint, the 30-day period has not begun to run. Conversely, under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days after the date on which the defendant is served with an "initial pleading."  Thus, removal is not proper until a complaint has been served on the defendants. Accordingly, because Plaintiffs here have not served a complaint, Defendants' notice of removal was not too late, it was too early.

Id. at *2.  Based on the reasoning in Campbell, this Court finds that Defendants' notice of removal was too early.  Plaintiff's Motion to Remand is granted.[1]

An appropriate Order follows.

---

[1] The Court declines to address Plaintiff's alternate theory that removal is improper due to lack of diversity jurisdiction.